UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TRIDENT MANAGEMENT GROUP, LLC**  **CIVIL ACTION**

**VERSUS**  **NO:   16-17277**

**GLF CONSTRUCTION CORPORATION**  **SECTION: "A" (4)**

### ORDER AND REASONS

Before the Court is a **Motion to Compel Discovery (R. Doc. 34)** filed by the Plaintiff, Trident Management Group, LLC ("Plaintiff"), seeking an order from the Court compelling Defendant, GLF Construction Corporation ("Defendant"), to provide complete and supplemental responses to its First Set of Interrogatories and Requests for Production of Documents. The motion is opposed. R. Doc. 35. The motion was submitted on July 12, 2017 and heard with oral argument that day. For the following reason, the motion is **DENIED**.

**I.   Background**

This action was filed in the District Court on December 13, 2016 pursuant to this Court's admiralty jurisdiction under 28 U.S.C. § 1333 and its diversity jurisdiction under 28 U.S.C. § 1332(a)(1). R. Doc. 1. The Plaintiff alleges that it and the Defendant entered into a "Charter Agreement" on July 21, 2016 for the charter of the vessel/barge Alaska Solution. *Id.* at p. 2-3. The Defendant had previously secured a construction contract with MSC Cruises and was looking to hire the Alaska Solution as a quarters barge to house its workings during the project for MSC Cruises. *Id.* at p. 3. The Plaintiff alleges that the Defendant has breached that contract by failing to make a number of payments. *Id.* at p. 4-5. The Plaintiff later filed an amended complaint to include a claim against the Defendant for breaching its duty of good faith and fair dealings. R. Doc. 8.

At this time, the Plaintiff has filed a motion to compel. R. Doc. 34. The Plaintiff originally propounded interrogatories and requests for production of documents on the Defendant on April

5, 2017. R. Doc. 34-1, p. 5. On May 11, 2017, the Defendant provided responses that the Plaintiff asserts contain boiler plate objections and limited responses. *Id.* at p. 6. In particular, the Plaintiff asserts that; (i) the Defendant has not properly responded to a number of "contention interrogatories" related to the Defendant's affirmative defenses; and (ii) that the Defendant has improperly objected to a number of interrogatories and request for production of documents that are related to the Plaintiff's claim of breach of duty of good faith. *Id.* at p. 9-21.

The Defendant has opposed the instant motion. R. Doc. 35. The Defendant argues primarily that: (i) contention interrogatories are premature at this stage of discovery and (ii) that the Plaintiff's interrogatories and requests for production are overly broad, irrelevant, and not proportional to the needs of the case.

## II.    Standard of Review

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action,

2

the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

**III.   Analysis**

The Plaintiff has filed a motion to compel the Defendant to more fully and completely respond to its discovery requests. Note, the Plaintiff has provided a 37(a) certification.  R. Doc. R. Doc. 34-9. The Court will first address the Plaintiff's contention interrogatories and related requests for production and then address the remaining interrogatories and request for production.

3

### A.    Plaintiff's Contention Interrogatories and Related Requests For Production of Documents

For the instant motion to compel, the Plaintiff first complains that the Defendant has improperly objected to a number of "contention interrogatories"[1] related to the Defendant's asserted affirmative defenses. R. Doc. 34-1, p. 9. In particular, the Plaintiff points to Interrogatories Nos. 16-22 and Request for Production Nos. 14-20. The Plaintiff argues that the Defendant has improperly objected to these requests and should be required to respond. R. Doc. 34-1, p. 15-16. The Defendant argues that it is too early in the discovery process to require contention interrogatories to be answered. R. Doc. 35, p. 4.

Federal Rule of Civil Procedure 33 states: "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." Fed. R. Civ. P. 33(a)(2). As such, when faced with the question of when to require responses to contention interrogatories, "[i]t is within the court's discretion to determine the appropriate time for responding to a contention interrogatory." *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2017 WL 2825925, at *9 (M.D. La. June 30, 2017) (citing *In re Katrina Canal Breaches*, No. 05-4182, 2007 WL 1852184, at * 3 (E.D. La. June 27, 2007)).

---

[1] '[A] contention interrogatory…[is] an interrogatory that asks a party to state what it contends, state whether it makes a specified contention, state all the facts upon which it bases a contention, take a position and explain or defend the position concerning how the law applies to facts, or state the legal or theoretical basis for a contention." *InternetAd Systems, LLC v. ESPN, Inc.*, No. 03-2787, 2004 WL 5181346, at *2 (N.D. Tex. Oct. 8, 2004).

Indeed, "most courts agree that '[d]ue to the nature of contention interrogatories, they are more appropriately used after a substantial amount of discovery has been conducted—typically at the end of the discovery period.'" *Sigman v. CSX Corp.*, No. 15-13328, 2016 WL 7444947, at * 2 (S.D. W. Va. Dec. 27, 2016) (quoting *Capacchione v. Charlotte–Mecklenburg Board of Education*, 182 F.R.D. 486, 489 (W.D.N.C. 1998)). As the court in *Sigman* explains, there are a number of reasons to discourage the use of early contention interrogatories:

> First, there is "the unfairness of requiring a party to prematurely articulate theories which have not yet been fully developed." In addition, "a lawyer's unwillingness to commit to a position without an adequately developed record will likely lead to vague, ambiguous responses," which are effectively useless. Moreover, in cases where the parties anticipate the production of "an expert report which will touch on the very contentions at issue, the Court should normally delay contention discovery until after the expert reports have been served, which may then render moot any further contention discovery."

*Sigman*, 2016 WL 7444947, at * 2 (internal citations omitted) (collecting cases); *see also Firefighters' Ret. Sys.*, 2017 WL 2825925, at *9.

At other times, courts have required parties seeking early contention interrogatories to "show that the interrogatories were limited, specifically crafted questions seeking responses that would "contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56.'" *Brassell v. Turner*, No. 05-476, 2006 WL 1806465, at *3 (S.D. Miss. June 29, 2006) (quoting *In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 338 (N.D. Cal. Oct. 28, 1985)).

Here, the Plaintiffs seek "the factual basis" for a number of affirmative defenses as well as "all documents" related to those affirmative defenses. At the outset, it appears to still be at an early stage of discovery with the Defendant only recently receiving discovery responses from the Plaintiff. R. Doc. 35, p. 5. Moreover, the Plaintiff has offered no explanation for its need for

5

answers to contention interrogatories at this stage of litigation other than a blanket assertion that it is entitled to that discovery. While the Defendant may need to answer those questions and provide those documents at some point in the discovery process, it appears to be premature at this point given that the Parties are still in the midst of exchanging discovery. The motion is denied to this extent.

### B.   Plaintiff's Other Interrogatories and Requests for Production

The Plaintiff has further argued that the Defendant has improperly objected to a number of interrogatories and requests for production related to the Defendant's alleged breach of its duty of good faith and fair dealings. R. Doc. 34-1, p. 16. In particular the Plaintiff argues that the Defendant has improperly objected to:

**Interrogatory No. 11**

Describe all Invitations for Bid reviewed by GLF in contention with the MCS Bahamas prokect.

**Interrogatory No. 12**

Describe all bids GLF submitted in connection with the MSC Bahamas project.

**Interrogatory No. 13**

Describe all Contracts GLF received or was denied in connection with the MCS Bahamas Prokect

**Interrogatory No. 14**

Identify all vessels, including the ALASKA SOLUTION that GLF has chartered in connection with the MSC Bahamas project.

**Interrogatory No. 15**

Identify all subcontractors GLF has hired in connection with the MSC Bahamas Project.

**Request for Production No. 9**

>All Invitation(s) for Bid(s) reviewed by GLF in connection with the MSC Bahamas Project.
>
>**Request for Production No. 10**
>
>All bids GLF submitted in connection with the MSC Bahamas project.
>
>**Requests for Production No. 11**
>
>All contracts GLF received or was denied in connection with the MSC Bahamas Project.
>
>**Request for Production No. 12**
>
>All contracts from vessels GLF chartered in connection with the MSC Bahamas Project.
>
>**Request for Production No. 13**
>
>All contracts GLF has with subcontractors with the MSC Bahamas Project.

R. Doc. 34-1, p. 17-19. The Defendant argues that these requests are over broad and seek irrelevant information. R. Doc. 35, p. 5.

While the Plaintiff attempts to explain how each of these requests are relevant, it is clear from the face of the requests that they are not relevant to the Plaintiff's claim. The claim is essentially a breach of the charter agreement arising from non-performance. The discovery sought by the Plaintiff is seeking information about the Defendant's business such as contracts and bids with other parties. Because the charter had no contingency provisions related to the Defendant's business, the Court finds that these request are irrelevant.

Moreover, while the Federal Rules allow for the discovery of relevant information, discovery must also be proportional to the needs to the case. Fed. R. Civ. P. 26(b)(1). In the exercise of its discretion in relation to discovery requests, "[c]ourts have also recognized that the legal tenet that relevancy in the discovery context is broader than in the context of admissibility should not be misapplied so as to allow fishing expeditions in discovery." *Marine Power Holding,*

*LLC v. Malibu Boats, LLC*, No. 14-912, 2016 WL 403650 at *3 (E.D. La. Jan. 11, 2016) (internal quotation and citation omitted). The requests here seek almost the entirety of the Defendant's dealings with the underlying project with almost no attempt to limit to relevant aspects of the instant litigation. It strikes the Court as at best overly broad requests and at worst a blatant fishing expedition that it will not allow. The motion is denied.

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Compel Discovery (R. Doc. 34)** is **DENIED.**

New Orleans, Louisiana, this 13th day of July 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**